```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
UNITED STATES OF AMERICA                 :
                                         :    SEALED
     - v. -                              :    INDICTMENT
                                         :
EDER PEDRAZA-PENA,                       :    S2 09 Cr. 242 (RJH)
     a/k/a "Don Ramon,"                  :
                                         :
               Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - x
```

COUNT ONE

(Narcotics Importation Conspiracy)

The Grand Jury charges:

**Background of The Conspiracy**

1.   The *Autodefensas Unidas de Colombia* ("AUC") is a Colombian right-wing terrorist organization, whose main political objective is to defeat the left-wing terrorist organization *Fuerzas Armadas Revolucionarios de Colombia* ("FARC") in armed conflict, and remove FARC sympathizers from government and positions of influence in Colombia. The AUC was founded in 1997 as an umbrella group uniting a number of paramilitary bands in Colombia.

2.   At all times relevant to this Indictment, the AUC has carried out its political objectives through acts of violence, including against civilians claimed by the AUC to be FARC sympathizers. The AUC has financed its terrorist activities through the proceeds of cocaine trafficking in AUC-controlled areas, which trafficking is "taxed" by AUC commanders, with the

proceeds being used to fund the purchase of military-grade weapons for use by the AUC. The AUC was designated by the State Department as a Foreign Terrorist Organization ("FTO") on September 10, 2001, and as a Specially-Designated Global Terrorist Organization ("SDGT") on October 31, 2001, and it remains so designated.

3. At all times relevant to this Indictment, the AUC was organized in individual bloques. Each AUC bloque controlled a separate area of Colombia. The AUC's Mojana Bloque was responsible for securing and maintaining AUC control over certain areas within the Departments Sucre, Bolivar and Antioquia in Colombia. The Mojana Bloque, like other AUC Bloques, maintained its control in part by "taxing" narcotics traffickers operating in these areas, and turning a portion of those taxes over to the leadership of the AUC.

4. At all times relevant to this Indictment, EDER PEDRAZA-PENA, a/k/a "Don Ramon," was an AUC Commander in charge of the Mojana Bloque, with over a hundred paramilitary members under his command. In that capacity, EDER PEDRAZA-PENA, a/k/a "Don Ramon," collected taxes from narcotics traffickers who moved drugs through the Mojana Block. In particular, EDER PEDRAZA-PENA, a/k/a "Don Ramon," collected taxes on shipments of drugs flown out of Colombia via an airstrip within the Mojana Bloque, located in the area of Caucasia. EDER PEDRAZA-PENA, a/k/a "Don Ramon," also trafficked in cocaine, which was transported from

Colombia via the airstrip in Caucasia and via "Go-Fast" vessels departing from the northern coast of Colombia, in the La Guajira region.

## Statutory Allegations

5. From in or about 1999, up to and including in or about March 2009, in the Southern District of New York and elsewhere, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, who will first enter the United States in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms or more of a substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

7. It was a further part and an object of the conspiracy that EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms or more of a substance containing a detectable amount

of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

## Overt Acts

8. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

   a. In or about 2000, EDER PEDRAZA-PENA, a/k/a "Don Ramon," received, from a co-conspirator not named as a defendant herein ("CC-1"), approximately 600 kilograms of cocaine.

   b. At some time prior to 2005, EDER PEDRAZA-PENA, a/k/a "Don Ramon," partnered with a narcotics trafficker in Mexico, to whom EDER PEDRAZA-PENA, a/k/a "Don Ramon," delivered cocaine which was ultimately sold in the United States.

   c. In or about 2005 and 2006, in Colombia, EDER PEDRAZA-PENA, a/k/a "Don Ramon," had conversations with a co-conspirator not named as a defendant herein ("CC-2") in which EDER PEDRAZA-PENA, a/k/a "Don Ramon," requested CC-2's assistance in retrieving and transporting drug proceeds from the United States to Colombia.

   d. In or about late 2008 or early 2009, EDER PEDRAZA-PENA, a/k/a "Don Ramon," arranged for the shipment of cocaine from Colombia to Guatemala, via airplane, which cocaine was ultimately destined for Mexico and the United States.

(Title 21, United States Code, Section 963.)

**COUNT TWO**

(Maritime Narcotics Smuggling Conspiracy)

The Grand Jury charges:

9.  From in or about January 2009 up to and including in or about March 2009, in Colombia and international waters off the coast of Jamaica, and elsewhere, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, who will first enter the United States in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

10.  It was a part and an object of the conspiracy that EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Sections 70503 and 70506 of Title 46, United States Code.

Overt Acts

11.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

a.  On or about January 13, 2009, in Colombia, EDER

PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and a co-conspirator not named as a defendant herein ("CC-3"), discussed payment for a maritime shipment of cocaine.

b. On or about January 15, 2009, in Colombia, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and another co-conspirator not named as a defendant herein ("CC-4"), discussed payment for the aforementioned maritime shipment of cocaine.

c. On or about January 17, 2009, in Colombia, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and CC-3 discussed the delivery of a shipment of cocaine that would later be transported by maritime vessel.

d. On or about January 19, 2009, in Colombia, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and another co-conspirator not named as a defendant herein ("CC-5"), discussed the timing of the shipment of cocaine.

e. On or about January 24, 2009, in Colombia, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and another co-conspirator not named as a defendant herein ("CC-6"), discussed the amount of cocaine that would be included in the maritime shipment.

f. On or about February 6, 2009, in Colombia, CC-5 and CC-6 discussed the loading and fueling of a truck that would carry the shipment of cocaine to the maritime vessel.

g. On or about February 11, 2009, in Colombia, CC-5 confirmed to CC-6 that the shipment of cocaine had been loaded

onto a maritime vessel from a smaller speedboat.

        h.   On or about February 14, 2009, in international waters off the coast of Jamaica, seven other co-conspirators not named as defendants herein possessed approximately 2,060 kilograms of cocaine hidden aboard the fishing vessel "Miss Siloe," which was stopped and boarded on that date by officers of the United States Coast Guard.

        i.   On or about February 16, 2009, in Colombia, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, and CC-6, discussed, in coded terms, the boarding and search of the "Miss Siloe" by law enforcement officers.

(Title 46, United States Code, Sections 70503 and 70506.)

## FORFEITURE ALLEGATION

        12.   As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, EDER PEDRAZA-PENA, a/k/a "Don Ramon," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853, 881 and 970, and 28 U.S.C. § 2461, any and all property constituting and derived from any proceeds that the said defendant obtained directly and indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment.

**Substitute Assets Provision**

13. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p) and 970, and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Section 963 and 970
and Title 28, United States Code, Section 2461.)


_____
FOREPERSON                                    PREET BHARARA
                                              United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

EDER PEDRAZA-PENA,
a/k/a "Don Ramon,"

Defendant.

SEALED
INDICTMENT

S1 09 Cr. 242(RJH)

(Title 46, United States Code, Sections
70506 and 70503 & Title 21 United States
Code, Section 963)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____   /s/ _____
                                      Foreperson.

November 12, 2009
Filed Superseded Indictment in S1 09 Cr. 242(RJH)
w/w Issued. Filed Under Seal
                                  Freeman, USMJ